**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALEX FONTENOT, ET AL.,** | § | |
| ***Plaintiffs*,** | § | |
| | § | |
| **v.** | § | |
| | § | **Misc. Action No.** |
| **NATIONAL COLLEGIATE** | § | |
| **ATHLETIC ASSOCIATION ET AL,** | § | |
| ***Defendant*.** | § | |

**NON-PARTY TEXAS A&M UNIVERSITY'S MOTION TO QUASH PLAINTIFFS' SUBPOENA**

## I. INTRODUCTION

Non-party, Texas A&M University (TAMU), by and through the Office of the Attorney General of Texas, pursuant to the Federal Rule of Civil Procedure 45(d)(3), moves this Court to quash the non-party *subpoena duces tecum* (Subpoena) served on TAMU by Plaintiffs on August 28, 2026, attached as Exhibit A. TAMU served their written objections to the Subpoena on Plaintiffs on September 9, 2026, attached as Exhibit B.

The underlying case involves seeking damages (among other things) for student-athletes not having the ability to receive payments for their names, images, and likeness during college. Non-party TAMU has no connection to the underlying

case. Plaintiffs, however, subpoenaed non-party TAMU, requesting seven categories of information for a seven-year period (for most requests), including, but not limited to TAMU's multiple athletics departments and numerous athletes.

This Court should quash the Subpoena because the Subpoena: is barred by sovereign immunity; is overbroad and unduly burdensome (the burden and expense of response outweigh the likely benefit to Plaintiffs); and seeks information that is irrelevant to the underlying case. This Motion is timely filed as it complies with the deadline set out in Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(2)(B).

TAMU further request the Court to retain this matter for consideration, given that TAMU and any possible responsive documents are located in this federal district. Transferring this matter to the District of Colorado would therefore work an injustice on TAMU, a public Texas university.

## II. SUMMARY OF THE ARGUMENT

Sovereign immunity protects the State of Texas and its agencies from third-party subpoenas. *Thompson v. Richter*, No. 24-10837, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025); *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022) (reversing district court order compelling state officials' compliance with non-party subpoenas because "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake" (citation and internal

quotation marks omitted)). "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally." *Id.* at 514 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *Thompson*, 2025 WL 1233519, at *2. In *Russell*, the Fifth Circuit stated that by "compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the 'coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F.4th at 515 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)). "A state and its agencies cannot be compelled to participate in discovery, even as third parties. Otherwise, the sovereign's 'interests' in its 'dignity and authority over its prerogatives' would be treated as 'less interesting' when it 'is served with a *subpoena duces tecum* instead of a complaint'—that cannot be the case." *Thompson v. Richter*, No. 24-10837, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025) (citing *Russell*, 49 F.4th at 515). The Subpoena subjects non-party TAMU to judicial process at the instance of Plaintiffs, which is barred by sovereign immunity; accordingly, the Court should quash the Subpoena in its entirety.

Even setting sovereign immunity aside, Rule 45(d)(1) requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Subpoena does not comply with that requirement. Requiring TAMU to respond within the short time

for compliance is an undue burden on TAMU and would come at a substantial cost to TAMU and the taxpayers of Texas by way of human resources and labor, reduced productivity, and possible complete operational stoppage. To force TAMU to gather, review, redact, and produce potentially tens of thousands of documents in a few weeks (by September 16, 2026) constitutes an undue burden. Such burdens weigh strongly against enforcement of the Subpoena, particularly given TAMU's status as a non-party governmental entity.

In the underlying litigation, Plaintiffs allege (among other things) that Defendants kept the Plaintiffs from earning compensation for their names, images, and likeness while they were student-athletes. As stated above, non-party TAMU has no connection to the underlying case.

The Subpoena was served without regard to the usefulness or relevance of the requested information to the litigation or the availability of useful or relevant information available from other sources readily available to Plaintiffs, namely Defendants. In addition, Plaintiffs issued the Subpoena to TAMU without regard to the burdens Plaintiffs are imposing on Texas taxpayers and TAMU, requiring TAMU to meet Plaintiffs' deadline. That result is inconsistent with Rule 45. Fed. R. Civ. P. 45(d)(3)(A)(iv) (a court "*must* quash or modify a subpoena that . . . subjects a person to undue burden" (emphasis added)). Despite Plaintiffs being in the best position to access relevant and useful, discoverable information, Plaintiffs

have attempted to engage TAMU to do the legwork to establish the merits of their case. Rather than obtaining information readily available to them, namely from Defendants, Plaintiffs attempt to shift the burden of gathering and producing that information to TAMU and the State's taxpayers.

In addition, TAMU asks the Court to quash the Subpoena because the Subpoena is overbroad.

## III. MOTION TO QUASH

### A. The Subpoena is Barred by Sovereign Immunity

TAMU, a state agency (Texas Constitution, article VII; Texas Education Code Annotated chapters 85 and 86), retains sovereign immunity from the Subpoena because the Subpoena does not fall within an express waiver of sovereign immunity under state law. A statute is not to be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. Tex. Gov't Code § 311.034; *cf. Russell*, 49 F.4th at 514–15 (holding, on Eleventh Amendment grounds, that sovereign immunity bars subpoenas issued to the state as a third party because a subpoena is a "coercive judicial process" that implicates "the sovereign's dignity and authority over its prerogatives."); *see Thompson*, 2025 WL 1233519, at *2. "[A] governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to

pre-trial discovery and the costs incident to litigation." *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App—Houston [14th Dist.] 2002, pet. denied).

In *Russell v. Jones*, the Fifth Circuit recognized subpoenas "issue[d] under [the] court's authority and are enforced by court order. By compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties." *Russell*, 49 F.4th at 515 (citation and internal quotation marks omitted). "[W]here a sovereign is otherwise entitled to immunity, that immunity extends to third-party subpoenas." *Id*. at 517. "A state and its agencies cannot be compelled to participate in discovery, even as third parties." *Thompson*, 2025 WL 1233519, at *2. Therefore, "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake." *Russell*, 49 F.4th at 515 (citation and internal quotation marks omitted).

These rules are equally applicable to the Subpoena issued in the underlying litigation. "[T]he Federal Rules are designed to ensure that district courts remain firmly in control of those depositions and document productions involving nonparties located in their districts." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Accordingly, the Fifth Circuit's holdings in *Thompson* and *Russell* apply to shield TAMU from the Subpoena.

There has been no waiver or abrogation of TAMU's sovereign immunity, and

in light of the protections immunity offers, this Court lacks subject matter jurisdiction to issue the Subpoena. Accordingly, this Court should quash the Subpoena in its entirety. *TexasLDPC, Inc. v. Broadcom, Inc.*, No. 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021))); *Thompson*, 2025 WL 1233519, at *2 (holding that sovereign immunity protected a state agency from compelled compliance with a third-party subpoena).

### B. The Subpoena is Overbroad and Unduly Burdensome

Even if the Court does not recognize that sovereign immunity bars the Subpoena, the Court nonetheless should quash the Subpoena as overbroad and unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . subjects a person to undue burden." (emphasis added)).

#### 1. The Applicable Standards Require That the Subpoena Be Quashed

In considering a motion to quash, courts balance the needs of the requesting party against the burdens imposed on the person responding to the subpoena, and "the status of that person as a non-party is a factor." *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *accord Whole Woman's Health v. Smith*, 896

F.3d 362 (5th Cir. 2018) (reversing district court's denial of non-party's motion to quash where non-party had already produced documents, in part because additional information would be of limited use to party that issued subpoena). "[C]ourts must give the recipient's non-party status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation and internal quotation marks omitted).

Where the balance tips in favor of the person responding to a subpoena, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Dennis v. U.S.*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)).

While the party seeking to quash a subpoena bears the initial burden, the party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought, in response to [a non-party's] *prima facie* showing that discovery would be burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*,

984 F.2d 422, 425 (Fed. Cir. 1993). The party seeking discovery also has the burden of demonstrating its relevance. *Am. Elec. Power Co. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

Here, TAMU makes a prima facie showing of undue burden, shifting the burden to Plaintiffs to justify the scope of the Subpoena. As shown below, Plaintiffs cannot meet that burden, and the Subpoena should be quashed.

**2. The Subpoena is Overbroad and Unduly Burdensome**

As an initial matter, the Subpoena is overbroad on its face. "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (footnote omitted). A subpoena is facially overbroad when it effectively requests all information in the non-party's possession concerning the underlying litigation. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) ("Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." (citation omitted)).

The Subpoena seeks all of the information in TAMU's possession concerning the focus of the underlying litigation for an approximately seven-year period,

requiring the collection and review of historical records spanning from November 2019, continuing through "the date of hearing or trial" (Subpoena, p. 6), and is therefore facially overbroad. The Court should quash the Subpoena for this reason alone.

In addition, the burdens on TAMU to comply with the Subpoena would be extreme and require the following efforts within the limited time for compliance:

- Locate, review, and produce nearly every document and piece of data in TAMU's possession from TAMU's officers, employees, agents, representatives, committees, boards, affiliated entities, athletics departments, and athletes concerning the underlying litigation;
- Locate, review, and produce those documents covering a time period of almost seven years;
- Divert high-demand information technology resources away from TAMU purposes;
- Sort through voluminous non-responsive, privileged, and confidential material;
- Devote valuable employee time and resources to gathering, reviewing, and redacting sensitive and confidential information; and
- Draft and send notice letters to hundreds if not thousands of student athletes whose educational records would be disclosed.

The Subpoena is not tailored to avoid imposing an undue burden on TAMU. Instead, the Subpoena covers all available information for a seven-year period, in part to corroborate Plaintiffs' claims. TAMU cannot reasonably comply with the Subpoena. Listed above are the very burdens that both Rule 45 and the doctrine of sovereign immunity are intended to prevent. *Thompson*, 2025 WL 1233519, at *2;

*Russell*, 49 F.4th at 515 (sovereign immunity "aims to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties. These interests—the sovereign's dignity and authority over its prerogatives—are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint." (internal quotations and citations omitted); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing . . .'"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . .").

This Subpoena is an impermissible attempt to shift the burden of establishing a legal claim for Plaintiffs to TAMU and the taxpayers of Texas. *Surles*, 474 F.3d at 305. Further, complying with the Subpoena would impose a substantial expense upon a non-party, governmental entity and its taxpayers, which is not justified by the needs of private parties. Accordingly, the Subpoena should be quashed.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons discussed above, non-party TAMU respectfully asks the Court to retain this matter and quash

the Subpoena and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

WILLIAM D. WASSDORF
Deputy Attorney General for Civil Litigation

MELISSA JUAREZ
Deputy Chief, Administrative Law Division

*/s/ Steven Ogle*
STEVEN OGLE
State Bar No. 24044477
Steven.Ogle@oag.texas.gov
Deputy Chief, Assistant Attorney General
TED A. ROSS
State Bar No. 24008890
Ted.Ross@oag.texas.gov
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 475-4191, (512)475-4197
Fax: (512) 320-0167

ATTORNEYS FOR NON-PARTY
TEXAS A&M UNIVERSITY

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attorney conferred with counsel for Plaintiffs, who stated that he does oppose the filing of Non-party Texas A&M University's Motion to Quash Plaintiffs' Subpoena.

*/s/ Steven Ogle*
STEVEN OGLE
Deputy Chief, Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, a true and correct copy of the foregoing document has been served via email on the following:

STEPEHN M. TILLERY
stillery@koreintillery.com
GARRETT R. BROSHUIS
gbroshius@koreintillery.com
CAROL O'KEEFE
cokeefe@koreintillery.com
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tele: (314) 241-4844

GEORGE A. ZELCS
gzelcs@koreintillery.com
MARC A. WALLENSTEIN
mwallenstein@koreinntillery.com
KOREIN TILLERY, LLC
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Tele: (312) 641-9750

CHRISTOPHER M. BURKE
cburke@koreintillery.com
KOREIN TILLERY, LLC
707 Broadway, Suite 1410
San Diego, CA 92101
Tele: (619) 625-5620

ATTORNEYS FOR PLAINTIFFS
ALEX FONTENOT, ET AL

*/s/ Steven Ogle*
STEVEN OGLE
Deputy Chief, Assistant Attorney General